IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:08-cr-00221-1 |
| v. ) | |
| ) | Judge Nixon |
| DONALD MICHAEL RICHARDSON ) | |

## ORDER

Pending before the Court are Defendant Donald Michael Richardson's *pro se* Petition for Re-Sentencing ("Petition") (Doc. No. 76) and Motion to Set Aside Void Judgment Pursuant to FRCP § 60(b)(4) [sic] ("Motion") (Doc. No. 77). On July 12, 2010, Mr. Richardson, pursuant to a plea agreement, pled guilty to being in possession of a stolen firearm. (Doc. No. 59.) The Court sentenced him to ten years in prison. (Doc. No. 67 at 2.) Mr. Richardson later voluntarily withdrew an appeal of the conviction. (*See* Doc. No. 75.)

In the plea agreement, Mr. Richardson knowingly waived "the right to appeal any sentence that includes a term of imprisonment of 120 months as set forth in this Agreement. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." (Doc. No. 59 at 16.) As Mr. Richardson's sentence included a term of imprisonment of ten years, by his plea agreement Mr. Richardson waived any challenge to such a sentence. Therefore, his Petition (Doc. No. 76) is **DENIED**.

In Mr. Richardson's Motion, he claims that his conviction is void and should be set aside because the Court lacked subject-matter jurisdiction when it passed judgment upon him.

The Court finds that it did have subject-matter jurisdiction to adjudicate the charges

1

against Mr. Richardson. For that reason, the Motion lacks merit and is hereby **DENIED**.

It is so ORDERED.

Entered this 19th day of June, 2014.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JOHN T. NIXON, SENIOR JUDGE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT